# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROGER G. FLUTE, )
             )
        Plaintiff, )
             )
v.           )   Case No. CIV-11-417-JHP
             )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
             )
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Roger G. Flute (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 16, 1968 and was 41 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a child monitor, salvage worker, survey helper, construction worker, and heavy

equipment operator. Claimant alleges an inability to work beginning June 28, 2008 due to limitations resulting from mental issues and back problems.

**Procedural History**

On July 30, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On March 23, 2010, an administrative hearing was held before ALJ Michael Kirkpatrick in Poteau, Oklahoma. On April 15, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on October 28, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a range of medium work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to consider all of Claimant's severe impairments; and (2) reaching an RFC without proper consideration of the opinions of the consultative examiners.

**Consideration of Claimant's Impairments**

In his decision, the ALJ found Claimant suffered from the severe impairments of mild degenerative disk disease of the lumbosacral spine, history of ventricular septal defect, major depression, recurrent, severe, without psychotic features, alcohol abuse, episodic, cannabis abuse, episodic, and post traumatic stress disorder. (Tr. 18). The ALJ determined Claimant retained the RFC to lift and/or carry at least 50 pounds occasionally and 25 pounds frequently, stand and/or walk for at least 6 hours in an 8 hour workday, sit for at least 6 hours in an 8 hour workday, occasionally stoop, perform simple routine (unskilled) tasks, but not detailed (semi-skilled) tasks, or complex (skilled) tasks which do not require interaction with the general public. (Tr. 21). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of hand packer, bus person, bench assembler, and motel housekeeper. (Tr. 30).

Claimant contends the ALJ should have found he suffered from

the additional severe impairments of aortic stenosis and transient ischemic attack ("TIA"). This Court presumes Claimant contends, at least initially, that the ALJ failed to find these impairments at step two, which constituted error at that step of the sequential evaluation.

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

On September 22, 2009, Claimant was diagnosed with "moderate aortic stenosis." (Tr. 429). The same condition was recognized on November 10, 2009, September 14, 2010, and May 14, 2010 ("moderate

7

to severe aortic stenosis") while under the care of Dr. Leah McKinnon. (Tr. 388, 484, 486, 497). The ALJ noted the finding in his decision but did not find the condition to represent a severe impairment. (Tr. 19).

The condition of "aortic stenosis" is defined as follows:

In aortic stenosis, the aortic valve does not open fully. This decreases blood flow from the heart.

\* \* \*

Symptoms of aortic stenosis include:

- Breathlessness with activity.
- Chest pain, angina-type
  - Crushing, squeezing, pressure, tightness.
  - Pain increases with exercise, is relieved with rest.
  - Pain is felt under the chest bone but may move to other areas, most often the left side of the chest.
- Fainting, weakness, or dizziness with activity.
- Sensation of feeling the heart beat (palpations).

U.S. National Library of Medicine, www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001230.

Claimant has testified that medical professionals have recommended valve surgery. He has experienced dizziness, fatigue, and lightheadedness. (Tr. 567). He has consistently complained to medical professionals of dizziness, shortness of breath, palpitations, weakness, and fatigue. (Tr. 417-19). This condition

poses a significant impairment upon Claimant's ability to engage in work-related activity. Given the ALJ's RFC finding that Claimant could perform medium work with substantial lifting and standing/walking requirements, this Court finds the case must be remanded to the ALJ for further consideration of Claimant's condition of aortic stenosis. If further more specific medical evaluation is necessary in order to ascertain the work-related limitations imposed by this condition, the ALJ should seek out an appropriate consultative professional.

Claimant also contends the ALJ should have considered his TIAs as a severe impairment. The medical evidence is less patent for this condition. It appears from a review of the record that the only supporting evidence for this condition is Claimant's own statements. As previously noted, a claimant's testimony alone is insufficient to support a finding of severe impairment. Unless the ALJ finds further medical support for this condition, he need not consider it further on remand.

### RFC Determination

Since the ALJ has not properly considered all of Claimant's severe impairments, he shall also re-evaluate his RFC findings on remand. Additionally, Claimant complains of the weight afforded the report of the consultative examiner, Dr. Melinda A. Shaver. Dr. Shaver found Claimant "appeared to be malingering, to an extent." (Tr. 290). Further, she concluded that Claimant "did not

9

always appear to be making an honest attempt to answer some of the questions." (Tr. 292). She also found Claimant "appeared to be exaggerating his symptoms for the purpose of receiving disability." (Tr. 293). The ALJ relied heavily upon these findings. However, her report does not indicate Dr. Shaver administered any recognized testing to objectively determine whether Claimant was malingering, rather relying upon her subjective impressions. If the ALJ relies upon such statements from a consultative examiner which contradicts at least a part of the medical findings of Claimant's treating physicians, the consultative examiner should administer such testing as is required to ascertain whether Claimant is exaggerating his condition. On remand, further consultative examination and testing may be required to reach this conclusion with supporting evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to

the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of March, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE